UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
IN RE:                                )    CASE NO.            09-22709
                                      )
RONALD GARY PATTERSON,                )    CHAPTER            7
                                      )
         DEBTOR.                      )    RE: DOC. I.D. NO.  52
------------------------------------------------------

**BRIEF MEMORANDUM AND ORDER
DENYING (1) MOTION TO SHOW CAUSE FOR FAILURE TO RESTORE
AUTOMOBILE INSURANCE POLICY AND (2) MOTION TO DISCHARGE AMOUNT
DUE UNDER RENTERS INSURANCE POLICY**

Before the Court is Ronald Gary Patterson's (hereafter the "Debtor") motion filed February 4, 2010, entitled <u>Motion and Order to Show Cause for Failure of [Allstate] to Restore Auto Policy and to Discharge the Amount Due for the Renters Policy Due these Proceedings</u> (hereafter, the "Motion"), Doc. I.D. No. 52. Through the Motion the Debtor appears to seek (1) reinstatement of a cancelled automobile insurance policy with Allstate Indemnity Corporation (hereinafter "Allstate"), and (2) a discharge of the amount due under a renter's insurance policy with Allstate, or in the alternative, reinstatement of a previous renters insurance policy.

The Motion came before the Court at a hearing held March 11, 2010 (hereafter, the "Hearing"). At the Hearing the Debtor appeared to prosecute the Motion. No written Objection to the Motion has been filed, and Allstate did not appear at the Hearing to

contest the Motion.[1] Nonetheless, the Court has an independent duty to evaluate the propriety of the relief requested, as well as its authority to grant such relief, and took the matter under advisement.

On September 24, 2009 (hereafter, the "Petition date") the Debtor commenced the instant bankruptcy case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code. On December 22, 2009, the Debtor received his discharge in this case pursuant to 11 U.S.C. § 727 (heretofore, the "Discharge"). Doc. I.D. No. 45.
A bankruptcy discharge has the following effects, *inter alia*:

> (1)  [it] voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of . . title [11] . . . [and]
>
> (2)  [it] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .

11 U.S.C. § 524(a).

A debtor in a Chapter 7 case receives a discharge of debts under the authority of Section 727(b) of the Bankruptcy Code, which provides, in relevant part, that "*[e]xcept as provided in section 523* of this title, a discharge . . . discharges the debtor from all *debts* that *arose before the date of the order for relief* under this chapter . . . ." (emphasis supplied).

---

[1] At the Hearing, the Debtor represented that he had telephonically informed Mr. Clifton Gaines, an Allstate Customer Resolution Specialist, of the scheduled hearing, and that Mr. Gaines responded that he was not aware of any attorney assigned to the matter and was therefore transferring the matter to its Legal Department.  Tr. at 10:39:43 (References to "Tr." refer to the oral recording of the Hearing proceedings). A Notice of Hearing was certified as mailed to Allstate Indemnity Company, "c/o Mr. Clifford Gaines, Customer Resolution Specialist, P.O. Box 40047, Roanoke VA 24022-0047". Doc. I. D. No. 60.

**A. The Automobile Insurance Policy**

The Debtor represents in the Motion that he possessed an automobile insurance policy with Allstate (Policy No. . . . 699) (hereafter, the "Auto Policy"), and that he was insured under the Auto Policy from February 15, 2009 until August 15, 2009. The Debtor failed to remit to Allstate the total cost ($1,190.00) of the Auto Policy, reflecting a premium of $1,160.00 and a non-refundable processing fee of $30.00 (Doc. I.D. No. 52, Exh. A). As a result of that non-payment, Allstate terminated the Auto Policy as of August 15, 2009. The Debtor acknowledges that after informing Allstate of the September 24, 2009, filing of his bankruptcy petition, Allstate "charge[d] off" the entire accrued charges of $1,190.00. However, the Debtor's request for reinstatement of the Auto Policy was denied by Allstate in light of its pre-petition (August 15, 2009) termination.

Section 362(a)(3) of the Bankruptcy Code "prevents a party to a contract from terminating the contract or taking action to deem the contract terminated after the bankruptcy case has commenced without seeking relief from the [automatic] stay, and it is obviously applicable to insurance contracts," In re Probulk Inc., 407 B.R. 56, 61-62 (Bankr. S.D.N.Y. 2009); see 3 Collier on Bankruptcy ¶ 362.03[5][b] (15th ed. 2005) ("Certainly an insurer should not be permitted to cancel a policy merely because a debtor is in bankruptcy."). However, in the instant case, the Auto Policy was not in effect on the Petition Date, and there is no basis to suggest, much less determine, "that the cancellation . . . was due to the [fact that the] debtor started these proceedings," Motion at 1; see, In re Health Management Ltd. Partnership, 303 B.R. 162, 166 Bankr. C.D.Ill. 2003 ("Termination . . .occurred prior to the petition date; accordingly, Debtor has no

interest in the . . . insurance policy, nor any rights of reinstatement, as of the petition date."); see also, Moody v. Amoco Oil Co., 734 F.2d 1200, 1213 (7th Cir.1984) ("[W]hatever rights a debtor has in property at the commencement of the case continue in bankruptcy - no more, no less.").

Accordingly, the Debtor's request that the Court reinstate the Auto Policy must be denied.

**B. The Renters Insurance Policy**

*(i) The Terminated Policy*

The Debtor also represents that he previously obtained a renters insurance policy with Allstate (Policy No. . . . 700) (hereafter, the "Terminated Renters Policy"), and that Allstate terminated this policy for non-payment. While the record contains an insufficient basis for the Court to ascertain the exact termination date of the Terminated Renters Policy[2], it appears quite likely that the Terminated Renters Policy was, like the Auto Policy, canceled by Allstate prior to the Petition Date. Moreover, "it is difficult to justify the use of the automatic stay to extend the agreed-upon policy period or to enforce continued coverage for which the debtor has not paid," 3 Collier on Bankruptcy ¶ 362.03[5][b] (15th ed. rev.).

Accordingly, for these reasons, and because it was the Debtor's burden to provide some basis for the relief requested, the Debtor's request that the Court reinstate the

---

[2] On the Debtor's Amended Schedules, Doc. I.D. No. 22, filed October 19, 2009, the Debtor lists a combined balance due for his automobile and renters insurance as $1,299.50. If the Allstate automobile and renters insurance policies were in fact consolidated, then the renters insurance policy ('700) may have been terminated on August 15, 2009, the same date as the automobile policy ('699). Notwithstanding the Debtor's listing of a combined balance, the record contains no reference to the termination date of the renters insurance policy.

4

Terminated Renters Policy must be denied.

*(ii) The Post-Petition Renters Policy*

The Debtor subsequently purchased a new renters insurance policy post-petition on or about December 10, 2009[3] (Policy No. . . . 092) (hereafter, the "Post-Petition Renters Policy) (Doc. I.D. No. 52, Exh. A.). The Debtor's failure to pay the premium due on the Post-Petition Renters Policy led to the mailing by Allstate of a cancellation notice on January 21, 2010, stating that the renters insurance policy would be cancelled if the Debtor failed to pay the minimum balance due ($42.40) by February 9, 2010. "[A]n insurer of a debtor is entitled to cancel a postpetition insurance policy pursuant to its contractual provisions without lifting the stay on the grounds that the stay never became effective," In re New England Marine Services, Inc., 174 B.R. 391, 396 (Bankr. E.D.N.Y. 1994)(citations omitted).

In accordance with the above, and because the Debtor has provided no basis in law or fact for the Court to award him any relief springing from the cancellation notice attending the Post-Petition Renters Policy, his request must be denied.

**ORDER**

For the reasons stated above, the Motion is **DENIED**.

Dated: March 19, 2010                                     BY THE COURT

*[signature]*
Albert S. Dabrowski
United States Bankruptcy Judge

---

[3] The Debtor's Amended Schedule F, Doc. I.D. No. 47, filed January 4, 2010, discloses that the debt for the Post-Petition Renters Policy was incurred on December 10, 2009, several months after the petition date of September 24, 2009.